**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH SANCHEZ,<br><br>*Plaintiff*,<br><br>v.<br><br>L3 HARRIS TECHNOLOGIES, INC. and DAVID FOLLET,<br><br>*Defendants*. | Civil Action No. 20-5555<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This case concerns allegations that Plaintiff Kenneth Sanchez has been subjected to disability-based harassment by Defendants L3Harris Technologies, Inc. ("L3Harris") and David Follet in violation of the New Jersey Law Against Discrimination ("LAD"). Currently pending before this Court is Plaintiff's motion to remand the case to state court pursuant to 28 U.S.C. § 1447(c). D.E. 4. Defendants also filed a partial motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 10. The Court reviewed the submissions in support and in opposition,[1] and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion to remand is **GRANTED** and Defendants' motion to dismiss is **DENIED without prejudice**.

---

[1] Plaintiff's brief in support of his motion to remand (D.E. 4) is referred to as "Plf. Br."; Defendants' opposition brief (D.E. 6) is referred to as "Defs. Opp."; and Plaintiff's reply brief (D.E. 9) is referred to as "Plf. Reply".

## I. INTRODUCTION[2]

Briefly, Plaintiff has been employed by Defendant L3Harris since August 2017. Compl. ¶ 5. Plaintiff alleges that he has been subjected to "persistent harassment and abuse based on his disability" by a coworker, Defendant David Follet. *Id.* ¶¶ 7-11, 15-16. Plaintiff contends that after he complained about Follet to Plaintiff's supervisor, the harassment continued and L3Harris cut Plaintiff's overtime hours. *Id.* ¶¶ 21-23, 25, 27-28. Both Plaintiff and Follet are citizens of New Jersey. *Id.* ¶¶ 1, 4.

Plaintiff filed his Complaint in New Jersey state court, asserting claims against L3Harris and Follet under the LAD, N.J.S.A. 10:5-1 *et seq.* On May 5, 2020, Defendants removed the matter to this Court. D.E. 1. Defendants maintain that the Court has diversity jurisdiction because Plaintiff fraudulently joined Follet as a Defendant. Defendants also contend that the Court has federal question jurisdiction because Plaintiff's claims are expressly preemption by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). *Id.* Plaintiff filed the instant motion to remand on May 7, 2020. D.E. 4. Defendants subsequently filed their partial motion to dismiss, seeking to dismiss Follet as a Defendant in this matter, in addition to Count III, which asserts an individual liability claim against Follet based on his alleged aiding and abetting of the unlawful harassment. D.E. 10.

## II. LEGAL STANDARD

Pursuant to the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district

---

[2] When reviewing a motion to remand, the Court assumes as true all factual allegations in the complaint. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) ("Ruling on whether an action should be remanded . . . the district court must assume as true all factual allegations of the complaint.").

court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).  Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Steel Valle Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

### III. ANALYSIS

#### 1. Fraudulent Joinder

Both Plaintiff and Follet are citizens of New Jersey.  Compl. ¶¶ 1, 4.  Thus as pled, complete diversity does not exist under 28 U.S.C. § 1332.  *See Mennen Co. v. Atl. Mut. Ins. Co.*, 147 F.3d 287, 290 (3d Cir. 1998) (explaining that the diversity jurisdiction statute requires complete diversity between the parties, meaning that "jurisdiction is lacking if any plaintiff and defendant are citizens of the same state").  Defendants nevertheless removed this matter, in part, on the basis of the Court's diversity jurisdiction, 28 U.S.C. § 1332(a)(1).  Defendants allege that Plaintiff named Follet as a Defendant solely to defeat diversity jurisdiction.  Notice of Removal ¶ 10.  Through his motion to remand, Plaintiff counters that Follet was properly named as a Defendant and is liable under the LAD's aiding and abetting provision.  Plf. Br. at 5.

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity."  *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006).  "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were

'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216. Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). For a claim to lack a colorable basis, "it must be wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852. When considering whether joinder was fraudulent, a court "must assume as true all factual allegations of the complaint" and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *In re Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851-52).

If the district court determines that joinder was fraudulent, it can "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* (citing *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). "If, however, the district court determines that it does not have subject-matter jurisdiction over the removed action because the joinder was not fraudulent, it must remand to state court." *Id.* (citing 28 U.S.C. § 1447(c)).

As discussed, Plaintiff alleges that Follet is liable under the aiding and abetting provision of the LAD. The LAD prohibits unlawful employment practices and discrimination by an employer. *Tarr v. Ciasulli*, 853 A.2d 921, 928 (N.J. 2004). An employer "includes one or more individuals, partnerships, associations, organizations, labor organizations, corporations, legal representatives, trustees in bankruptcy, receivers, and fiduciaries." N.J.S.A. 10:5-5(a), (e). The LAD also provides for "individual liability of a supervisor for acts of discrimination or for creating or maintaining a hostile environment . . . through the aiding and abetting mechanism." *Cicchetti v. Morris Cty. Sheriff's Office*, 947 A.2d 645 (N.J. 2008). In this instance, Plaintiff does not allege

that Follet was his employer or supervisor.  Rather, Plaintiff pleads that Follet is a co-worker.  Compl. ¶ 7.

The crux of Defendants' argument is that aiding and abetting liability under the LAD is limited to supervisory employees.  In making this argument, Defendants discuss a number of cases, including matters decided by this Court, that limit aiding and abetting liability to supervisory employees.  Notice of Removal ¶ 13; Defs. Opp. at 7-8.  Largely on *Rabner v. Express Scripts Holding Co.*, No. 18-8639, 2019 WL 1043101, at *4 n. 4 (D.N.J. Mar. 5, 2019), Plaintiff argues that individual co-workers can be liable for aiding and abetting discrimination, Plf. Br. at 6.  In *Rabner*, the plaintiff asserted LAD claims against her employer and an in-house attorney who was "involved in the employment decisions" at the plaintiff's office.  *Rabner*, 2019 WL 1043101, at *2.  In deciding the plaintiff's motion to remand, Judge Hayden explained that "to the extent any ambiguity remains" as to whether a non-supervisory employee can be individually liable under the LAD, "it is resolved in favor of [Plaintiff]," who was alleging that the attorney was personally liable under the LAD.[3]  *Rabner*, 2019 WL 1043101, at *4 n. 4; *see also Andre v. Trinity Health Corp.*, No. 18-3183, 2019 WL 1198959, at *5 (D.N.J. Mar. 14, 2019) (finding that individual liability under the LAD applies to "any person" and that the definition of "person" under the LAD includes corporations).  Thus, both parties identify cases to support their position about the scope individual liability.

As discussed, joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant." *In re Briscoe*, 448 F.3d at 216 (citing *Abels*, 770 F.2d at 32).  Because the Court must resolve any ambiguities in Plaintiff's favor, it

---

[3] Judge Hayden also addressed this issue in *Rabner* within the context of fraudulent joinder.  2019 WL 1043101, at *4.

5

concludes that Plaintiff's argument regarding aiding and abetting liability is not wholly frivolous. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."). Plaintiff cites to recent cases from the District of New Jersey to support his argument. Critically, the Court is cognizant of the fact that this issue has not been squarely addressed by the New Jersey Supreme Court. Accordingly, naming Follet as a Defendant does not amount to fraudulent joinder. Because both Follet and Plaintiff are citizens of New Jersey, diversity jurisdiction is lacking.

### 2. LMRA Preemption

In their Notice of Removal, Defendants also argue that Section 301(a) of the LMRA, 29 U.S.C. § 185(a), preempts Plaintiff's state law claims such that the Court has federal question jurisdiction.[4] Specifically, Plaintiff's claims involve allegations that L3Harris reduced Plaintiff's overtime hours, and the terms and conditions of Plaintiff's employment, including how overtime is assigned, are governed by a collective bargaining agreement ("CBA"). Thus, because Plaintiff alleges that his overtime was cut in retaliation, Defendants maintain that the Court will be forced to interpret the CBA. Notice of Removal ¶¶ 19-20. Plaintiff counters that his LAD claims are independent claims that are not expressly preempted by Section 301 because no interpretation of the CBA is required. Plf. Br. at 6-7.

Section 301(a) provides for jurisdiction over suits involving the "violation of contracts between an employer and a labor organization . . . without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Section 301

---

[4] Defendants do not address LMRA preemption in their opposition brief.

> completely preempts a state cause of action *only when* the resolution of said action is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." By contrast, when resolution of the state law claim is "independent" of a CBA and does not require construing one, the state law claim is not preempted by § 301.

*N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 305 (3d Cir. 2014) (emphasis added) (internal quotations and parenthetical omitted). "[P]re-emption should not be lightly inferred in this area," *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412 (1988), and Section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *N.J. Carpenters*, 760 F.3d at 306. Thus, courts in this district have repeatedly concluded that a plaintiff's LAD claims "are separate and independent from the terms of labor contracts." *Gardrie v. Verizon N.J.*, No. 15-3538, 2019 WL 630849, at *2 (D.N.J. Feb. 14, 2019); *see also Sealy v. Verizon Commc'ns, Inc.*, No. 13-7461, 2014 WL 7331950, at *3 (D.N.J. Dec. 15, 2014) (concluding that the plaintiff's LAD claim was not expressly preempted by the LMRA even though the court would have to consider what rights a CBA provided to the plaintiff).

Plaintiff's claims are not expressly preempted by Section 301. Plaintiff's claims center on whether Defendants harassed and retaliated against Plaintiff because of his disability in violation of the LAD. Plaintiff does not contend that any Defendant violated his rights under the CBA, nor does he seek any remedy under the CBA. "[T]he [LAD] creates a right to be free from discrimination in the workplace that exists independently of the CBA." *See Sealy*, 2014 WL 7331950, at *3. Under the LAD, the Court will generally need to determine whether Plaintiff (1) is a member of a designated protected class; (2) was qualified for and performing the essential functions of the job; (3) suffered termination or adverse employment action; and (4) others not in the protected class did not suffer similar adverse employment decisions. *Victor v. State*, 4 A.3d

7

126, 141 (N.J. 2010). The thrust of the Court's inquiry is whether Defendants treated Plaintiff differently because of his disability. The fact that the Court may need to reference the CBA does not render Plaintiff's claims preempted. Accordingly, Plaintiff's LAD claims are independent from the CBA and are not preempted by Section 301.

In sum, the parties here are not completely diverse and there is no federal question jurisdiction. As a result, the Court lacks jurisdiction over this matter.

Defendants also filed a partial motion to dismiss the complaint. D.E. 10. Because the Court lacks subject matter jurisdiction, it does not address Defendants' motion to dismiss. Accordingly, Defendants' motion is denied without prejudice and Defendants can refile their motion in state court.

### IV. CONCLUSION

For the reasons stated above, and for good cause shown, Plaintiff's motion to remand (D.E. 4) is **GRANTED**. Therefore, this matter is remanded to the Superior Court of New Jersey, Morris County, Law Division. In addition, Defendants' motion to dismiss (D.E. 10) is **DENIED WITHOUT PREJUDICE**. An appropriate Order accompanies this Opinion.

Dated: November 23, 2020

_____
John Michael Vazquez, U.S.D.J.