**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KENNETH SANCHEZ,

    *Plaintiff*,

v.

L3 HARRIS TECHNOLOGIES, INC. and DAVID FOLLET,

    *Defendants*.

Civil Action No. 20-5555

**OPINION**

**John Michael Vazquez, U.S.D.J.**

In this matter, Plaintiff Kenneth Sanchez alleges that he has been subjected to disability-based harassment by Defendants L3Harris Technologies, Inc. ("L3Harris") and David Follet in violation of the New Jersey Law Against Discrimination ("LAD"). Currently pending before this Court is Plaintiff's motion to remand the case to state court pursuant to 28 U.S.C. § 1447(c). D.E. 18. The Court reviewed the submissions in support and in opposition,[1] and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion to remand is **GRANTED**.

---

[1] Plaintiff's brief in support of his motion to remand (D.E. 18); Defendant L3Harris's opposition brief (D.E. 20), referred to as "Opp."; and Plaintiff's reply brief (D.E. 21).

I.  **BACKGROUND**[2]

Plaintiff has been employed by Defendant L3Harris since August 2017. Compl. ¶ 5. Plaintiff alleges that he has been subjected to "persistent harassment and abuse based on his disability" by a coworker, Defendant David Follet. *Id.* ¶¶ 7-11, 15-16. Plaintiff contends that after complaining about Follet to Plaintiff's supervisor, the harassment continued and L3Harris cut Plaintiff's overtime hours. *Id.* ¶¶ 21-23, 25, 27-28. Both Plaintiff and Follet are citizens of New Jersey. *Id.* ¶¶ 1, 4.

On April 1, 2020, Plaintiff filed his Complaint in New Jersey state court, asserting claims against L3Harris and Follet under the LAD, N.J.S.A. 10:5-1 *et seq.* On May 5, 2020, Defendants removed the matter to this Court. D.E. 1. Defendants argued that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff fraudulently joined Follet as a Defendant. Defendants also contended that the Court has federal question jurisdiction because Plaintiff's claims are expressly preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). *Id.* Plaintiff filed a motion to remand on May 7, 2020. D.E. 4. The Court found that naming Follet as a Defendant did not amount to fraudulent joinder and that Plaintiff's claims were not expressly preempted by Section 301 of the LMRA. D.E. 14. Thus, the Court remanded this matter to the Superior Court of New Jersey. D.E. 15.

On March 19, 2021, Defendant L3Harris again removed the matter to this Court, arguing that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because the state court dismissed

---

[2] When reviewing a motion to remand, the Court assumes as true all factual allegations in the complaint. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) ("Ruling on whether an action should be remanded . . . the district court must assume as true all factual allegations of the complaint.").

Defendant Follet from the case on March 12, 2021.  D.E. 17.  Plaintiff now again moves to remand this case to state court.  D.E. 18.

## II. LEGAL STANDARD

Pursuant to the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).  Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Steel Valle Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

Notice of removal must be filed within 30 days after the defendant receives the initial pleading or within 30 days after the service of summons upon the defendant.  28 U.S.C. § 1446(b)(1).  If the initial pleading is not removable, notice of removal must be filed within 30 days after the defendant receives the amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.  28 U.S.C. § 1446(b)(3).  A case may not be removed under 28 U.S.C. § 1446(b)(3) on the basis of diversity jurisdiction more than one year after commencement of the action unless the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action.  28 U.S.C. § 1447(c)(1).

To remove a case based on diversity jurisdiction, diversity between the parties must exist at the time the claim was filed and when removal is sought. *See Am. Dredging Co. v. Atl. Sea Con. Ltd.*, 637 F. Supp. 179, 181 (D.N.J. 1986). "If diversity did not exist at the time the claim was filed, a claim can only later be removed based on diversity *if the plaintiff voluntarily creates it*." *Pop Test Cortisol, LLC v. Merck & Co.*, No. 13-cv-3428-WJM-MF, 2013 WL 12308087, at *2 (D.N.J. Dec. 23, 2013) (emphasis added) (internal citations omitted). Under this rule, referred to as the "voluntary-involuntary rule," a case is removable when the plaintiff voluntarily dismisses the claim against a nondiverse party, such as by voluntarily amending the pleadings. *See id* (internal citations omitted). "Conversely, when a nondiverse defendant is dismissed against the plaintiff's will, due to an interlocutory order from a judge, removal is inappropriate." *Id.* (internal citations omitted). The voluntary-involuntary rule serves to protect judicial resources: because the plaintiff may appeal the dismissal and the non-diverse party may be reinstated, destroying federal jurisdiction, removal following involuntary dismissal may be only temporary. *See Brown v. Caterpillar, Inc.*, Civ. No. 15-02687 (WHW) (CLW), 2015 WL 4598778, at *2 (D.N.J. July 28, 2015). Additionally, the rule "recognizes the general principle of deference to the plaintiff's choice of forum." *Id.* (internal quotation omitted). Although the Third Circuit has not addressed the applicability of the voluntary-involuntary rule after the 1949 and 1988 amendments to the federal removal statute, other circuit courts as well as district courts within the Third Circuit have regularly applied the rule. *See id*.

A fraudulently joined, non-diverse party is "an exception to the requirement that removal be predicated solely upon complete diversity[,]" and thus an exception to the voluntary-involuntary rule. *See Bernal-Diaz v. MXD Grp., Inc.*, Civ. No. 17-13702 (MCA) (MAH), 2018 WL 3193245, at *4 (D.N.J. May 21, 2018), *report and recommendation adopted*, Civ. No. 17-13702, 2018 WL

3178350 (D.N.J. June 27, 2018) (quoting *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006)). "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d at 216. Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). For a claim to lack a colorable basis, "it must be wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852. When considering whether joinder was fraudulent, a court "must assume as true all factual allegations of the complaint" and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *In re Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851-52). If the district court determines that joinder was fraudulent, it can "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* at 216 (citing *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). "If, however, the district court determines that it does not have subject-matter jurisdiction over the removed action because the joinder was not fraudulent, it must remand to state court." *Id.* (citing 28 U.S.C. § 1447(c)).

### III. ANALYSIS

#### A. Timeliness of Removal

Defendant L3Harris removed this matter on March 19, 2021, within the 30-day period after receipt of the state court's March 12, 2021 order from which it was first ascertainable that the case had become removable. D.E. 17. Additionally, the notice of removal was filed within one year

after commencement of the action. Thus, pursuant to 28 U.S.C. §§ 1446(b)(3) and 1447(c)(1), L3Harris timely removed the case.

### B. Voluntary-Involuntary Rule

Although removal was timely, the Court must additionally find that removal complies with the voluntary-involuntary rule. Here, Plaintiff did not voluntarily dismiss Defendant Follet from the case. Rather, the state court granted in part Defendants' motion to dismiss Count III of the Complaint and Defendant Follet. D.E. 17-1. In granting Defendants' partial motion to dismiss, the state court noted that dismissal was "without prejudice to plaintiff's right at a later date to attempt to develop a claim against [Follet]" following additional discovery. *Id.* Because Follet's dismissal was not Plaintiff's voluntary act, removal violates the voluntary-involuntary rule. *See Vazquez v. Karcher N. Am., Inc.*, Civ. No. 13-3817 (WJM), 2013 WL 5592369, at *3 (D.N.J. Oct. 8, 2013) (finding that removal violated the voluntary-involuntary rule where diversity was only created when the non-diverse defendant was dismissed by order of a state court judge); *Pop Test Cortisol*, 2013 WL 12308087, at *2 (same). Moreover, the state court explicitly noted that Plaintiff may "later attempt to bring [Follet] back into the case." D.E. 17-1. Thus, removal was inappropriate unless Follet was fraudulently joined by Plaintiff.

### IV.    Fraudulent Joinder

Defendant L3Harris argues that the voluntary-involuntary rule is inapplicable because Follet was fraudulently joined. Opp. at 8. The Court disagrees. First, the Court previously considered whether Follet was fraudulently joined and found that he was not. D.E. 14 at 6. The Court, applying the same legal standard discussed above, considered the same argument that L3Harris raises here: that naming Follet as a defendant was fraudulent because he was Plaintiff's co-worker, not his supervisor or employer, and thus not liable for aiding and abetting under the

6

LAD. *Id.* at 5. In rejecting Defendants' argument, the Court explained that "both parties identify cases to support their position about the scope individual liability" under the LAD and that the issue "has not been squarely addressed by the New Jersey Supreme Court." *Id.* at 5-6.[3]

In support of its contention that Follet was fraudulently joined, Defendant L3Harris now asserts that "the state court clearly and unequivocally stated that Mr. Sanchez never had a legal basis to sue Mr. Follet." Opp. at 9. Specifically, L3Harris cites to the state court's findings that "[t]here is no dispute that [Follet] is a co-worker of the plaintiff and is not a supervisor," and that "in a NJLAD claim non-supervisors cannot be held liable for aiding and abetting their own conduct." D.E. 17-1. These findings do not amount to a statement that Plaintiff "never had a legal basis to sue [Defendant Follet]," Opp. at 9, and in any event do not alter the Court's conclusion. The Court recognized in its prior opinion that by Plaintiff's own pleading, Follet was Plaintiff's co-worker and not his employer or supervisor; this fact was never in dispute. D.E. 14 at 5. Moreover, the state court's determination that the non-supervisors cannot be liable under the LAD does not negate the split in authority as to the scope of individual liability under the LAD, *see* D.E. 14 at 5. In other words, the state court's decision that Follet is not liable under the LAD does not render Plaintiff's decision to name Follet fraudulent. *See Vazquez*, 2013 WL 5592369, at *3 (noting that "the state court sid[ing] with a line of authority finding the claim against [the non-diverse defendant] failed" did not automatically equate to fraudulent joinder and that "the split in authority alone precludes a finding that [the] [p]laintiff fraudulently joined [the non-diverse defendant], regardless of his dismissal in state court"). Further, the state court recognized that

---

[3] That finding is now the law of the case. *See United Artists Theatre Cir. v. Twp. of Warrington*, 316 F.3d 392, 397-98 (3d Cir. 2003) ("Courts apply the law of the case doctrine when their prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication.") (emphasis omitted) (internal quotation omitted).

7

additional discovery might reveal that Follet "functioned as a de facto supervisor" or assumed a role "that went beyond that of a co-worker," and that Plaintiff might later attempt to bring Follet back into the case. D.E. 17-1. This recognition underscores that Plaintiff's claim against Follet had a colorable basis and was not "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852. Thus, the state court's order does not reflect that Plaintiff fraudulently named Follet as a defendant.

Importantly, to the extent that ambiguities exist as to whether Follet was fraudulently joined, "all doubts should be resolved in favor of remand." *Batoff*, 977 F.2d at 851. "The burden of establishing fraudulent joinder is heavy," and ultimately, Defendant L3Harris has not met that burden. *Vazquez*, 2013 WL 5592369, at *3.

## V.     CONCLUSION

For the reasons stated above, and for good cause shown, Plaintiff's motion to remand (D.E. 18) is **GRANTED**. Therefore, this matter is remanded to the Superior Court of New Jersey, Morris County, Law Division. An appropriate Order accompanies this Opinion.

Dated: October 14, 2021

_____
John Michael Vazquez, U.S.D.J.